# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed: May 2, 2013

```
* * * * * * * * * * * * * *
LAURA LA JOIE and BO ALLEN          *      UNPUBLISHED
CROSBY, parents and legal representatives *
of the estate of ALEXIS CROSBY,     *      No. 10-350V
deceased,                           *
                                    *
              Petitioners,          *      Special Master Dorsey
                                    *
                                    *
v.                                  *
                                    *      Attorneys' Fees and Costs;
SECRETARY OF HEALTH                 *      Reasonable Amount Requested to which
AND HUMAN SERVICES,                 *      Respondent Does not Object.
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, PC, Boston, MA, for petitioners.
Jennifer L. Reynaud, U.S. Department of Justice, Washington, D.C., for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On June 7, 2010, Laura La Joie and Bo Allan Crosby ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of the estate of Alexis Crosby. Petitioners sought compensation for injuries, resulting

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

1

in Alexis's death, which petitioners allege were a result of her receipt of the diphtheria-tetanus-acellular pertussis, hepatitis B, inactivated polio, haemophilus influenza, and rotavirus vaccines she received on April 23, 2009. On October 3, 2012, a decision awarding compensation to petitioners based on the parties' stipulation was entered.

On May 1, 2013, the parties filed a Stipulation of Fact Concerning Final Attorneys' Fees and Costs. According to the stipulation, respondent does not object to a total award of attorneys' fees and costs in the amount of $31,000.00. In accordance with General Order #9, petitioners filed a statement stating that they incurred no out-of-pocket expenses in pursuing their petition.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioners' request and respondent's counsel's lack of objection to petitioners' counsel's fee request, the undersigned **GRANTS** petitioners' motion for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made in the form of a check jointly payable to petitioners and the law firm of Conway, Homer & Chin-Caplan, P.C., in the amount of **$31,000.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.